IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00589-GPG

**YOHONIA MARTIN**,
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

     Plaintiff,

v.

**MSMU ONLINE**,

     Defendant.

---

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

Plaintiff, Yohania Martin, has submitted *pro se* an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) and a Title VII Complaint (ECF No. 1) pursuant to Title VII asserting discrimination, sexual harassment, and retaliation on the basis of race and color.  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1, the Court has determined that the submitted documents are deficient as described in this order.  Plaintiff will be directed to cure the following if she wishes to pursue her claims.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**Complaint or Petition**:

    __ is not submitted
    __ is not on proper form (must use the Court's current form)
    __ is missing an original signature by the plaintiff/petitioner/applicant
    __ is incomplete
    __ uses et al. instead of listing all parties in caption
    __ names in caption do not match names in text
    __ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application

  __X__  other: **Failed to submit notice-of-right-to-sue letter as directed on page 2, ¶ 8.**

**Ms. Martin failed to attach a notice-of-right-to-sue letter she alleges she received from the Equal Employment Opportunity Commission (EEOC) on March 16, 2015.**

To bring a claim under Title VII, a claimant must exhaust his or her administrative remedies as to each claim of discrimination or retaliation. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (noting that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII). The first step to exhaustion is the filing of a charge of discrimination with the EEOC. *See Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir.1996) (noting that the EEOC filing is a jurisdictional requirement). The purposes of the administrative exhaustion requirement are: "1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim." *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir.1994), *abrogated on other grounds*, *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir.2003). An EEOC charge must contain facts that would prompt an investigation into the claim at issue. *Jones v. UPS*, 502 F.3d 1176, 1183-86 (10th Cir.2007). Facts supporting each element of a prima facie case of retaliation must be alleged in a charge in order for a retaliation claim to be exhausted. *Id.* at 1186. "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. City and County of Denver, CO.*, 414 F.3d 1266 (10th Cir.2005).

Plaintiff is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may act as a dismissal with

prejudice if she seeks to refile in this Court because the ninety-day limitations period for filing a Title VII action may have run on her claims. *See* 42 U.S.C. § 2000e-5(f)(1) (A claimant has ninety days to file an action in the district court after receiving a notice of right to sue from the EEOC).

Accordingly, it is

**ORDERED** that Plaintiff cure the deficiencies designated above and file her Notice of Right to Sue she received from the EEOC. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

**FURTHER ORDERED** that, if Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the Title VII Complaint and the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED at Denver, Colorado, this 30th day of April, 2015.

BY THE COURT:

/s Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge